FILED

2016 Nov-15  AM 08:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **SUSIE ROSETTA WALKER,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  7:15-cv-00924-RDP** |
| | } | |
| **ERVIN HEARD,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

### I.      Introduction

This case is before the court on Defendant's Motion to Dismiss.  (Doc. # 39).  The Motion has been briefed and is under submission.  (Doc. # 44).  After careful review, and for the following reasons, the court concludes that the Motion to Dismiss is due to be granted in part and denied in part.

Plaintiff's Amended Complaint thoroughly presents the potential state law and constitutional claims implicated by Defendant's conduct.  The core of those claims survive this motion to dismiss with a few exceptions.  Plaintiff's 42 U.S.C. § 1983 claim based on a violation of the Eighth Amendment is due to be dismissed because Defendant's alleged misconduct towards her did not occur following a criminal conviction.  And, for the reasons explained below, Defendant is entitled to qualified immunity for Plaintiff's Section 1983 false imprisonment claim because she essentially concedes in her Amended Complaint that she committed a criminal violation for which Defendant had arguable probable cause to arrest her

and detain her.  However, Defendant is not entitled to any form of immunity for the claims based on his alleged misconduct after he transported Plaintiff to the Bibb County Sheriff's Office.

## II.        Background and Procedural History

In her Amended Complaint, Plaintiff seeks relief under Section 1983 for violations of her Fourth Amendment and Eighth Amendment rights.  (Doc. # 6).  Specifically, Plaintiff asserts that Defendant violated her Eighth Amendment right to be free from cruel and unusual punishment because he forced her "to engage in vulgar and indecent sexual acts."  (*Id.* at ¶ 63).  Furthermore, she claims that Defendant violated her Fourth Amendment rights by unlawfully detaining her, sexually harassing her, sexually assaulting her, and requiring her to submit to his sexual advances while in custody.  (*Id.* at ¶¶ 57, 66).  In Counts I through VI of the Amended Complaint, she also raises Alabama state-law claims against Defendant for (1) assault and battery, (2) "[c]ustodial [s]exual [m]isconduct," (3) sodomy and sexual abuse, (4) sexual harassment, (5) negligence, and (6) intentional infliction of emotional distress.  (*See id.* at ¶¶ 37-55).

In July 2015, the court stayed this civil action pending the resolution of state criminal charges against Defendant because this case implicated Defendant's Fifth Amendment privilege against self-incrimination.  (Doc. # 11).  In December 2015, Defendant was convicted in Bibb County Circuit Court of custodial sexual misconduct, first-degree sexual abuse, second-degree human trafficking, intimidating a witness, second-degree unlawful imprisonment, and harassing communications.[1]

---

[1]   Defendant's state court records in *State of Alabama v. Heard*, CC-2013-000195, and *State of Alabama v. Heard*, CC-2015-000038, are available on alacourt.com.  The court takes judicial notice of those records.  *See Horne v. Potter*, 392 F. Appx. 800, 802 (11th Cir. 2010) (concluding that a district court may properly take judicial notice of documents related to another lawsuit because the documents "were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned'" (quoting Fed. R. Evid. 201(b))).  In those criminal cases, Defendant

After the court lifted the stay in this action, Defendant filed this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. # 39).  "A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true."  *Mays v. United States Postal Service*, 928 F. Supp. 1552, 1557-58 (M.D. Ala. 1996).  Thus, for the purpose of resolving this Motion, the court treats the following facts alleged in the Amended Complaint as true.

### III.   Plaintiff's Allegations

Plaintiff makes the following allegations in her Amended Complaint.  On June 2, 2013, Plaintiff agreed to drive a friend's vehicle from Selma to Birmingham, despite the fact that she did not have a valid driver's license.  (Doc. # 6 at ¶¶ 12-13).  Officers from the Bibb County Sheriff's Department pulled over the vehicle at a road block.  (*Id.* at ¶ 14).  After Plaintiff informed the officers that she did not have a driver's license, the officers instructed her to exit the vehicle.  (*Id.* at ¶¶ 16-17).  Thereafter, Defendant, a deputy sheriff, directed Plaintiff to sit in his patrol car.  (*Id.* at ¶ 18).  Another deputy sheriff searched the vehicle and discovered approximately two grams of marijuana in the center console.  (*Id.* at ¶ 20).  When Defendant questioned Plaintiff about the marijuana, Plaintiff admitted that she owned the marijuana.  (*Id.* at ¶ 21).  Defendant then "encouraged [Plaintiff] to blame Mr. Langford for possessing the marijuana," but she insisted that it was her marijuana.  (*Id.*).

After Defendant had administered a breathalyzer test, he drove away from the road block and informed Plaintiff that "he was taking her back to the station."  (*Id.* at ¶¶ 24-25).  When they arrived at the Bibb County Sheriff's Office, Defendant sat at his desk and asked Plaintiff, "What

---

was acquitted of human trafficking, first-degree sodomy, harassment, second-degree unlawful imprisonment, and two counts of first-degree sexual abuse.

can you do for me to make me feel good?" (*Id.* at ¶¶ 26-27). Defendant also stated that Plaintiff could "either go home or go to jail, it's your choice." (*Id.* at ¶ 28). Then, Defendant rose from his desk, unbuckled his belt, lowered his pants, and pushed Plaintiff onto the floor. (*Id.*). Defendant "forced her to perform oral sex on him." (*Id.*). When Plaintiff's friend arrived at the sheriff's office, Defendant released Plaintiff from custody, but issued her a ticket for not having a valid driver's license. (*Id.* at ¶ 31). Defendant also warned Plaintiff to not tell others about the incident and directed her to give him her cell phone number. (*Id.*). Following the incident, Plaintiff received "harassing text messages and telephone calls from Defendant" that continued until she gave her phone to a district attorney. (*Id.* at ¶ 33).

## IV.    Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. International Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. Appx. 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed.[2] *Twombly*, 550 U.S. at 570.

## V.   Analysis of Plaintiff's Section 1983 Claims

The court reads the Amended Complaint to raise three federal claims asserted against Defendant in his individual capacity: (1) a Fourth Amendment claim for false imprisonment (Doc. # 6 at ¶¶ 56-58 (Count VII)); (2) a Fourth Amendment claim for sexual harassment, sexual assault, and sodomy while acting under color of state law  (*id.* at ¶¶ 56-58, 65-67 (Counts VII and X)); and (3) an Eighth Amendment cruel and unusual punishment claim (*id.* at ¶¶ 62-64 (Count IX)).

---

[2]   The court recognizes that the heightened pleading standard formerly applied by the Eleventh Circuit to Section 1983 cases where a defendant could assert qualified immunity no longer applies after *Iqbal*. *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010).

To state a claim under Section 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (citations omitted). In addition, Alabama sheriffs are state officials, and, thus, clothed with the authority of state law. *See Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citing *Parker v. Amerson*, 519 So. 2d 442, 443 (Ala. 1987)) (a court must "consider the laws of the state" and, according to the Supreme Court of Alabama, "a sheriff is an executive officer of the state of Alabama"). Although the "Alabama Constitution does not designate deputy sheriffs as members of the executive department or as state agents," Alabama deputies are "legally an extension of the sheriff." *Id.* at 1525-26.

### A.   Plaintiff Has Not Plausibly Alleged That Defendant Violated Her Eighth Amendment Right to be Free from Cruel and Unusual Punishment

In his argument for qualified immunity on Plaintiff's Eighth Amendment claim, Defendant contends that Plaintiff has not plausibly alleged a violation of her Eighth Amendment rights. (Doc. # 39 at 10-11). In her response, Plaintiff has not presented an argument to support this particular claim. The court agrees with Defendant, and Count IX is due to be dismissed for failure to state a claim because she has not alleged a violation of the Eighth Amendment.

It is axiomatic that the Eighth Amendment's Cruel and Unusual Punishment Clause applies to confinement and punishments that occur "subsequent to and as a consequence of a person's lawful conviction of a crime." *E.g.*, *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1572 (11th Cir. 1985). Plaintiff has not alleged that Defendant's sexual assault against her occurred after

she was convicted of a crime.  Accordingly, the alleged actions by Defendant would have to be examined under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment.  *Taylor v. Adams*, 221 F.3d 1254, 1257 n. 3 (11th Cir. 2000) ("[Plaintiff] was a pretrial detainee.  As such, his Cruel and Unusual Punishment claims sound properly in the Fourteenth Amendment . . . rather than in the Eighth Amendment.").  Therefore, Count IX of the Amended Complaint is due to be dismissed without prejudice for failure to state a claim.[3]

**B.     Defendant is Entitled to Qualified Immunity for Plaintiff's Section 1983 False Imprisonment Claim**

In this Motion, Defendant argues that he is entitled to qualified immunity for Plaintiff's Section 1983 claims based on alleged Fourth Amendment violations because he exercised his discretionary authority when detaining Plaintiff and did not violate her clearly established rights under the Fourth Amendment.  (Doc. # 39 at 4-10).

Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  While qualified immunity is typically addressed at summary judgment, it may be "raised and considered on a motion to dismiss."  *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).  Indeed, the "driving force" behind the creation of the qualified immunity doctrine was a desire to ensure that "'insubstantial claims' against government officials [will] be resolved prior to discovery."  *Anderson v. Creighton*, 483 U.S. 635, 640 n. 2 (1987).  Accordingly, the Supreme Court "repeatedly ha[s]

---

[3]  Because this claim can be dismissed under Rule 12(b)(6), the court does not address whether Defendant would be entitled to qualified immunity for Plaintiff's Eighth Amendment claim.  Indeed, as discussed below, Defendant likely would not be entitled to qualified immunity for the actions giving rise to the Eighth Amendment claim because he has not demonstrated that those actions were within his discretionary authority.

stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

Qualified immunity utilizes an "objective reasonableness standard, giving a government agent the benefit of the doubt unless her actions were so obviously illegal in the light of then-existing law that only an official who was incompetent or who knowingly was violating the law would have committed them." *GJR Investments, Inc. v. Cnty. of Escambia, Fla*., 132 F.3d 1359, 1366 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). The Eleventh Circuit has cautioned that "courts should think long and hard before stripping defendants of immunity." *Ray v. Foltz*, 370 F.3d 1079, 1082 (11th Cir. 2004). "We generally accord . . . official conduct a presumption of legitimacy." *U.S. Department of State v. Ray*, 502 U.S. 164, 179 (1991).

Whether a defendant is entitled to qualified immunity is determined by engaging in a three-step analysis. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1136-37 (11th Cir. 2007). The initial burden is on an official claiming qualified immunity to establish that he or she was acting within his or her discretionary authority. *Id.* Once that showing is made, the burden shifts to a plaintiff to show that the "defendant's conduct violated a statutory or constitutional right." *Id.* at 1137. Finally, "the plaintiff must show that the violation was 'clearly established.'" *Id.*; *Snider v. Jefferson State Cmty. Coll.*, 344 F.3d 1325, 1328 (11th Cir. 2003) ("When case law is needed to 'clearly establish' the law applicable to the pertinent circumstances, we look to decisions of the U.S. Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the highest court of the pertinent state." (citing *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1032-33 n. 10 (11th Cir. 2001) (en banc))). If Defendant can establish that he is entitled to

qualified immunity, then the federal, individual capacity claims will be dismissed.  *See Randall*, 610 F.3d at 714.

i)       **Defendant Acted Within His Discretionary Authority By Detaining Plaintiff**

To determine whether a defendant has met his burden of showing that he acted within his discretionary authority, the court "must ask whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties."  *Harbert International, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998).  The court reviews whether "the government employee was (a) performing a legitimate job-related function . . . (b) through means that were within his power to utilize."  *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004).  At this step of the qualified immunity analysis, the court characterizes the defendant's actions "at the minimum level of generality necessary to remove the constitutional taint."  *Id.* at 1266.  For example, when reviewing an Section 1983 excessive-force claim, the Eleventh Circuit considers whether an officer had "the power to attempt to effectuate arrests" when considering whether he or she acted within his or her discretionary authority, not whether the officer had the power to use excessive force.  *Id.*  Typically, this element of qualified immunity is a "low hurdle" for officers to clear.  *Godby v. Montgomery Cnty. Bd. of Educ.*, 996 F. Supp. 1390, 1401 (M.D. Ala. 1998).

If a court concludes that a defendant was performing a legitimate job-related function, it still must analyze whether the defendant "execut[ed] that job-related function . . . in an authorized manner."  *Holloman*, 370 F.3d at 1266.  "Pursuing a job-related goal through means that fall outside the range of discretion that comes with an employee's job is not protected by qualified immunity."  *Id.* at 1267.  In *Holloman*, the Eleventh Circuit held that a high school teacher had acted outside of her discretionary authority when she conducted a daily moment of

silent prayer during class because "[p]raying goes sufficiently beyond the range of activities normally performed by high school teachers and commonly accepted as part of their job." *Id.* at 1282-83. The *Holloman* court determined that the act of prayer did not fall within a specific category of behavior that teachers were authorized to perform. *Id.* at 1283.

The parties have not cited, and the court cannot find, prior precedent from the Eleventh Circuit addressing whether a deputy sheriff or police officer acts within his or her discretionary authority when detaining a person in order to effectuate a sexual assault and subsequently sexually assaulting the victim. Defendant argues that his arrest of Plaintiff fell within his official duties, and Plaintiff appears to concede that Defendant had the discretionary authority to conduct necessary acts to arrest her. *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1332 (11th Cir. 2004) (holding that an Alabama deputy sheriff had performed a discretionary function when arresting a plaintiff). (*See also* Doc. # 44 at 9). However, Plaintiff has not alleged a Section 1983 claim in her complaint based on her arrest; rather, she has presented Section 1983 claims based on (1) her detention at the sheriff's office, (2) Defendant's alleged sexual harassment of Plaintiff inside the sheriff's office, and (3) Defendant's alleged sexual assault of Plaintiff. (Doc. # 6 at ¶¶ 56-58, 62-67). Thus, the court must analyze whether these actions fell within Defendant's discretionary authority as a deputy sheriff.

Here, the court concludes that Defendant has shown that he acted within his discretionary authority when detaining Plaintiff in the sheriff's office. The Eleventh Circuit has held that a deputy sheriff performs a discretionary function when arresting an individual. *See, e.g.*, *Crosby*, 394 F.3d at 1332. Although the Amended Complaint alleges that Defendant detained Plaintiff for the unlawful purpose of committing sexual harassment and sexual assault, Defendant's act of detaining Plaintiff, *if* it had been done for a legitimate purpose, would have been an authorized

10

act for a deputy sheriff to perform.  *See Harbert International*, 157 F.3d at 1282 (stating that a court must review whether an official's act would have been within his or her authority if it had been done for a legal purpose).  Therefore, Defendant has met his burden of showing that he performed a discretionary function when he detained Plaintiff at the sheriff's office, as alleged in Count VII.  The court will address below and separately Plaintiff's allegations related to Heard's sexual harassment and assault of her.

**ii)   Plaintiff Has Not Plausibly Alleged that Defendant Violated Her Clearly Established Constitutional Rights by Falsely Imprisoning Her**

In support of this motion, Defendant argues that Plaintiff has failed to plead a plausible Fourth Amendment false imprisonment claim because he had arguable probable cause to detain her, even assuming that the facts alleged in the Amended Complaint are true.  (Doc. # 39 at 8).  Plaintiff responds that (1) any arguable probable cause to detain her did not affect the constitutionality of her imprisonment because she was imprisoned for an unrelated reason, and (2) Defendant did not act with a good faith belief that his detention of Plaintiff was within his lawful authority.  (Doc. # 44 at 13-14).  After careful review, the court agrees with Defendant that Plaintiff has not pled a plausible false imprisonment claim under Section 1983 because the Amended Complaint's allegations, when taken as true, demonstrate that Defendant had arguable probable cause to arrest and detain Plaintiff.

The Fourth Amendment, which is applicable to the states through the Fourteenth Amendment, guarantees the right against unreasonable searches and seizures.  U.S. Const. amend. IV; *see Von Stein v. Brescher*, 904 F.2d 572, 578 (11th Cir. 1990).  To raise a false imprisonment claim under Section 1983, a plaintiff must allege "common false law imprisonment and establish that the imprisonment resulted in a violation of due process rights under the Fourteenth Amendment."  *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996).

11

A plaintiff can present a viable false imprisonment claim if he or she was detained based on a false arrest.  *Id.*  "Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest."  *Id.*  But where probable cause supports an arrest, it acts as "an absolute bar to a section 1983 claim for false arrest."  *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004).

"Probable cause exists when 'the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'"  *Wilkerson v. Seymour*, 736 F.3d 974, 978 (11th Cir. 2013) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002) (internal quotation marks omitted)).  "An officer is entitled to qualified immunity, however, where the officer had 'arguable probable cause,' that is, where 'reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest' the plaintiffs."  *Id.* at 977-78 (quotation marks and citation omitted).  "Whether an officer possesses probable cause or arguable probable cause depends on the elements of the alleged crime and the operative fact pattern."  *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 735 (11th Cir. 2010).

In this action, Plaintiff concedes that her Amended Complaint contains no false arrest claim. (Doc. # 44 at 13).  Moreover, a false arrest claim would be nonviable in this case because, at a minimum, Defendant had arguable probable cause to arrest Plaintiff once she admitted that it was she who possessed the marijuana that was recovered from her friend's vehicle.  (Doc. # 6 at ¶¶ 20-21).  *See* Ala. Code Ann. § 13A-12-214 (stating that possession of marijuana for personal use is a Class A misdemeanor).  The court recognizes that Plaintiff had an established

"constitutional right to be free from continued detention after it was or should have been known" that she was entitled to be released. *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993). However, according to the facts presented in the Amended Complaint, Plaintiff was not entitled to be released when she was detained in the sheriff's office, as she had admitted to possessing marijuana and insisted that the marijuana belonged to her when Defendant encouraged her to recant and blame her acquaintance. (Doc. # 6 at ¶¶ 20-21). There was no violation in detaining Plaintiff. The violation occurred after she was lawfully detained. Finally, Plaintiff incorrectly argues that the court should consider whether Defendant detained her in good faith. (*See* Doc. # 44 at 14). In assessing qualified immunity, a court asks whether an official's conduct was objectively reasonable. *Rushing v. Parker*, 599 F.3d 1263, 1266 (11th Cir. 2010). Therefore, Plaintiff has not plausibly alleged that Defendant's continued detention of her, after her admission to possessing marijuana, violated her clearly established constitutional rights under the Fourth Amendment. Accordingly, Defendant is entitled to qualified immunity for Plaintiff's Section 1983 false imprisonment claim.

    **C.**    **Defendant is Not Entitled to Qualified Immunity for Plaintiff's Fourth Amendment Section 1983 Claims Arising from Defendant's Alleged Sexual Harassment and Sexual Assault of Plaintiff**

Defendant has argued that he is entitled to qualified immunity for Plaintiff's Fourth Amendment claims because the Fourth Amendment does not "protect against alleged sexual acts by a law enforcement official, even when the alleged sexual acts occur after a traffic stop." (Doc. # 39 at 7). The court disagrees.

    **i)**    **Defendant Ceased to Act Within His Discretionary Authority When He Sexually Harassed and Assaulted Plaintiff**

Defendant has failed to demonstrate that he acted within his discretionary authority when allegedly committing the acts of sexual harassment and sexual assault against Plaintiff. To start,

it is axiomatic that Defendant did not have the discretionary authority to make sexual propositions or advances towards Plaintiff while detaining her. (*Cf.* Doc. # 39 at 6 (arguing, as a general matter, that Defendant acted within his discretionary authority by detaining Plaintiff)). *Cf. Faragher v. City of Boca Raton*, 864 F. Supp. 1552, 1566 (S.D. Fla. 1994) ("Indeed, it is difficult for the Court to conceive of a situation where a supervisor's discretionary authority includes uninvited touching of subordinates."), *rev'd in part on other grounds*, 111 F.3d 1530 (11th Cir. 1997) (en banc), *reinstated*, 524 U.S. 775, 810 (1998). The court cannot conceive of any argument that Defendant's verbal statements to Plaintiff were an authorized manner of conducting a job-related function. *See Holloman*, 370 F.3d at 1265. (And, to be clear, there is no such argument.) And, as Defendant bears the burden of proof to show that he acted within his discretionary authority, *Harbert International*, 157 F.3d at 1282, the court must deny him qualified immunity for the Section 1983 claims arising from his sexual harassment of Plaintiff at this stage of the proceedings.

Moreover, quite obviously, Defendant has not shown that his discretionary authority included the authority to commit the alleged sexual assault against Plaintiff. Indeed, Alabama law *prohibited* Defendant from engaging in sexual conduct with Plaintiff while she was in custody. Ala. Code Ann. § 14-11-31(a). Just as the Eleventh Circuit could not "abstract[ ] away" the unconstitutional aspects of in-school prayer, the court cannot abstract away the unconstitutional aspects of sexually assaulting a detainee "to arrive at a type of behavior that falls within" a deputy sheriff's discretionary authority. *Cf. Holloman*, 370 F.3d at 1283. Simply put, while a deputy sheriff has the authority to detain an individual for violating the law and to use reasonably necessary physical force in order to effectuate that arrest, *see Lee*, 284 F.3d at 1197, a deputy sheriff does not have the authority to engage in coerced sexual activity with a

detainee during detention.  Accordingly, because Defendant has failed to show that the alleged sexual harassment and sexual assault fell within his discretionary authority, he is not entitled to qualified immunity for Plaintiff's Section 1983 claims based on the alleged sexual harassment and sexual assault, contained in Counts VII and X, at this stage of the proceedings.

### ii)    Alternatively, Plaintiff has Plausibly Alleged that Defendant Violated Her Clearly Established Rights by Sexually Assaulting Her

Similarly, the court is unpersuaded by Defendant's argument that Plaintiff has not plausibly pled a violation of her clearly established Fourth Amendment rights.  (*See* Doc. # 39 at 7-10).  The Eleventh Circuit has recognized that the Fourth Amendment protects people from unreasonable seizures other than "the unnecessary strike of a nightstick, sting of a bullet, [or] thud of a boot."  *Hicks v. Moore*, 422 F.3d 1246, 1253 (11th Cir. 2005) (quoting *Fontana v. Haskin*, 262 F.3d 871, 878 (9th Cir. 2001), which held that a police officer's sexual harassment of an arrested individual violated the arrestee's Fourth Amendment rights).  The court agrees with the Ninth Circuit that sexual misconduct against an arrestee is a gratuitous and completely unnecessary act of violence that violates the arrestee's fundamental Fourth Amendment rights.  *Fontana*, 262 F.3d at 880-81.  Accordingly, the court concludes that Plaintiff has plausibly alleged a Section 1983 claim based on Defendant's violation of her Fourth Amendment rights when he sexually assaulted her.  The Eleventh Circuit's *Hicks* opinion does not address the factual scenario present in this case, though, because it held that a plaintiff failed to allege a Fourth Amendment violation for "limited and coincidental touching" during fingerprinting.  *See Hicks*, 422 F.3d at 1253-54.  Indeed, the court has not discovered a case from the U.S. Supreme Court or the Eleventh Circuit directly addressing whether an officer's sexual assault of a detainee violates his or her rights under the Fourth Amendment or another specific provision of the Constitution.  However, this does not end the court's qualified immunity analysis.

In a limited set of circumstances, "some broad statements of principle in case law are not tied to particularized facts and can clearly establish law applicable in the future to different sets of detailed facts." *Vinyard v. Wilson*, 311 F.3d 1340, 1351 (11th Cir. 2002); *see also Hope v. Pelzer*, 536 U.S. 730, 741 (2002) (holding that "officials can still be on notice that their conduct violates established law even in novel factual circumstances"). In 2008, the Eleventh Circuit recognized, in the context of an officer punching an arrestee in handcuffs, its prior holding that the "[g]ratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force." *Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008) (citing *Lee*, 284 F.3d at 1198, and *Slicker v. Jackson*, 215 F.3d 1225, 1233 (11th Cir. 2000)). The rule recognized in *Hadley* is not tied to any particularized facts other than the arrestee's lack of resistance. From the rule stated in *Hadley*, a reasonable officer would have known that no use of force was reasonable when an individual was no longer resisting arrest. At a minimum, the Amended Complaint alleges that Defendant gratuitously used force against Plaintiff while she was not resisting arrest. (*See* Doc. # 6 at ¶ 28 (asserting that Defendant pushed Plaintiff onto her knees and forced her to perform oral sex)). Thus, Plaintiff has plausibly pled a violation of her clearly established Fourth Amendment rights.

The court recognizes that several courts of appeals have held that sexual assault committed by an officer under color of state law is a violation of an individual's Fourteenth Amendment right to bodily integrity, rather than the individual's Fourth Amendment rights. *See, e.g.*, *Alexander v. DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003); *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 795-96 (8th Cir. 1998). These cases, however, involved sexual assaults that occurred outside the context of an arrest. In *Rogers*, a police officer raped the plaintiff inside of her residence after conducting a traffic stop, informing the plaintiff that "she could go," and

following her back to her residence.  *See* 152 F.3d at 793-96.  In *Alexander*, police officers coerced an individual under investigation for a drug crime to participate in a prostitution sting by threatening her with 40 years' imprisonment and discouraging her from speaking with attorneys about the offer.  *See* 329 F.3d at 914-15.  In contrast, Plaintiff has alleged that Defendant harassed and assaulted her almost immediately after they arrived at the sheriff's office.  Thus, her Amended Complaint plausibly claims that the sexual harassment and sexual assault occurred in the context of the initial arrest by Heard.  And the court agrees with the Ninth Circuit that sexual misconduct against a detainee "during a continuing seizure is analyzed under the Fourth Amendment."  *Fontana*, 262 F.3d at 882.  Accordingly, the court concludes that Plaintiff has plausibly pled a violation of her clearly established Fourth Amendment rights based on Defendant's sexual assault of her at the sheriff's office.[4]

## VI.    Analysis of Plaintiff's Alabama State-Law Claims[5]

In his motion, Defendant argues that absolute sovereign immunity bars all of Plaintiff's state-law claims against him.  (Doc. # 39 at 11-12).  The court is not convinced.

---

[4]    The court notes that there is an argument that verbal threats or abuse by an official generally are insufficient alone to state a constitutional violation actionable under Section 1983.  *See, e.g.*, *Harris v. Lord*, 957 F. Supp. 471, 475 (S.D.N.Y. 1997).  They can rise to the level of a constitutional violation, though, when accompanied by physical force or the present ability to effectuate the threat.  *Id.*  Here, Plaintiff's allegations indicate that Defendant had the ability to physically coerce her into sexual activity and that he used force against her to commit a sexual assault.

[5]    Defendant has not argued in his motion that any of Plaintiff's specific state-law claims are due to be dismissed for failure to state a claim under Alabama law.  (*See* Doc. # 39 at 11-13).  Thus, the court does not address at this time whether Counts I through VI of the Amended Complaint adequately plead a civil claim for relief under Alabama law.  Moreover, the court does not address collateral estoppel at this stage of the proceedings because Plaintiff has argued that collateral estoppel only prevents Defendant from contesting the factual allegations in the Amended Complaint.  (*See* Doc. # 44 at 6-7).  But his motion merely contests the legal sufficiency of the claims, and the court has assumed that the factual allegations in the Amended Complaint are true.  Even if the court considered collateral estoppel at this stage, it is unable to determine which issues were actually adjudicated during Defendant's criminal trial because Plaintiff has not provided a transcript of the criminal proceedings.  *See Lee L. Saad Constr. Co. v. DPF Architects, P.C.*, 851 So. 2d 507, 520 (Ala. 2002) (stating that (1) collateral estoppel is limited to issues actually decided in a prior case, and (2) the party asserting collateral estoppel must prove that the issues were actually decided in the prior case).

17

Article I, Section 14 of the Alabama Constitution provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity."  This section of the Alabama Constitution "wholly withdraws from the legislature, or any other state authority, the power to consent to an action against the state."  *Parker v. Amerson*, 519 So. 2d 442, 445 (Ala. 1987). And, significantly, this provision makes state officers (*i.e.*, sheriffs) and employees, in both their official and individual capacities, "absolutely immune from suit when the action is, in effect, one against the State."[6]  *Phillips v. Thomas*, 555 So. 2d 81, 83 (Ala. 1989); *see also Carr*, 916 F.2d at 1525.

The Alabama Supreme Court has established that Article I, Section 14 of the Alabama Constitution immunizes sheriffs in their official capacity from suits for money damages under state law.  *See Karrick v. Johnson*, 659 So. 2d 77, 79 (Ala. 1995); *accord Alexander v. Hatfield*, 652 So. 2d 1142, 1143 (Ala. 1994); *Amerson*, 519 So. 2d at 445-46.  That immunity also applies when a sheriff is sued under state law in his individual capacity "whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer's employment."  *Ex parte Davis*, 930 So. 2d 497, 500-01 (Ala. 2005); *see also McMillian v. Johnson*, 101 F.3d 1363, 1365-66 (11th Cir. 1996) (denying en banc review and holding that "under Alabama law [and, specifically, Article I, Section 14 of the state constitution], a claim

---

[6]  The exceptions to Alabama's constitutional immunity for state officials are "when an action is brought:"

(1) to compel state officials to perform their legal duties; (2) to compel state officials to perform ministerial acts; (3) to enjoin state officials from enforcing unconstitutional laws; (4) to enjoin state officials from acting in bad faith, fraudulently, beyond their authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act.

*Parker*, 519 So. 2d at 445.  Because Plaintiff seeks only money damages, none of these exceptions are applicable here.

18

[based on intentional torts] against an Alabama sheriff in his individual capacity is barred by the doctrine of sovereign immunity").

In the context of a motion to dismiss, the Alabama Supreme Court has declined to grant State immunity to a deputy sheriff who had failed to proffer "evidence showing that at the time of the accident he was acting within the line and scope of his employment." *Ex parte Haralson*, 853 So. 2d 928, 933 (Ala. 2003). The Alabama Supreme Court noted that the plaintiff in that case conceivably could prove that the deputy sheriff "was on a personal errand or otherwise had departed from the line and scope of his employment." *Id.* Moreover, in a case not involving a claim of State immunity, the Alabama Supreme Court held that "sexual misconduct by an employee is purely personal and outside the line and scope of his employment." *Doe v. Swift*, 570 So. 2d 1209, 1211, 1213 (Ala. 1990) (concluding that a state trust fund was not liable for a judgment against a state employee because the employee's sexual intercourse "was not for the benefit of his employer"); *see also Solmica of the Gulf Coast, Inc. v. Braggs*, 232 So. 2d 638, 642-43 (Ala. 1970) (holding that an employee's conduct within the scope of employment "must not be impelled by motives that are wholly personal, or to gratify his own feelings or resentment").

Defendant has failed to demonstrate that he is entitled to State immunity. Defendant has not provided any evidence (or plausible assertions) to prove that he acted within the line and scope of his employment by committing sexual harassment and assault against Plaintiff. Indeed, Alabama Supreme Court precedent indicates that Defendant acted outside of his scope of employment when he harassed and assaulted Plaintiff. *Cf. Doe*, 570 So. 2d at 1211. Given the Defendant's failure to show that the events giving rise to the state-law claims were within the

scope of his employment, the court cannot grant Defendant State immunity for Plaintiff's claims at the motion to dismiss stage. *See Haralson*, 853 So. 2d at 933.[7]

In the alternative, Defendant argues that the court should decline to exercise supplemental jurisdiction. (Doc. # 39 at 13). Defendant claims that the Alabama courts are more suited to determine whether he is entitled to absolute immunity. (*Id.*). For the reasons discussed above, though, this argument misses the mark. Plaintiff's allegations simply do not present a novel or complex issue of state law. *See* 28 U.S.C. § 1367(c)(1).

## VII.   Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is due to be granted in part. Plaintiff's Section 1983 cruel and unusual punishment claim (Count IX) is due to be dismissed for failure to state a claim, and Defendant is entitled to qualified immunity for Plaintiff's Section 1983 false imprisonment claim (contained within Count VII). In all other respects, Defendant's motion is due to be denied. The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this November 15, 2016.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[7]   Plaintiff relies on the exceptions to State-agent immunity under Alabama law to argue that Defendant is not entitled to immunity. (*See* Doc. # 44 at 16-17). But the doctrine of State-agent immunity is not applicable to Alabama intentional tort claims against deputy sheriffs, who receive State immunity under Section 14 of the Alabama Constitution. *Ex parte Fielding*, 86 So. 3d 354, 359 (Ala. 2011).